No. 954

ELSNER v. MECK et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6668. Decided June 21, 1926

Judges Roberts & Farr, 7th Dist.,., sitting.

972a. PUBLIC POLICY—Educational institution such as a law school, required by public policy to retain control over its own students; and discretion as to issuing diplomas.

1100. SPECIFIC PERFORMANCE—Duty of a court to decree specific performance of contract depends upon the peculiar facts and equitable considerations of each case; and rests in the sound discretion of the court.

ROBERTS, J.

Henry Elsner filed a petition in the Cuyahoga Common Pleas against David C. Meck and The John Marshall School of Law, in which he alleged that he entered into a verbal contract on Sept. 23, 1918, with David C. Meck as dean of and also as agent and representative of said school of law by which it was agreed that if plaintiff would complete a three year course, pay tuition fees and successfully pass the examination for admission to the bar for the State of Ohio, the defendants would give him a diploma from said school, conveying upon him the degree of LL.B.

It was claimed that plaintiff performed all the terms of the contract and successfully passed the bar examination on Dec. 6, 1922, was admitted to the bar and became entitled to said diploma from the defendants; that he demanded same but defendants refuse to deliver him such diploma. Specific performance of the alleged contract was prayed for and that the court by its decree compel defendants to deliver to the plaintiff such diploma.

The cause was heard in the Court of Appeals on appeal, the court holding:

1. The issue presented is whether, upon the evidence introduced in the trial, the plaintiff is entitled to the relief for which he prays, and whether it is the duty of the court, under the issues and the evidence, to decree that defendants issue to him such diploma.

2. A decree for specific performance of a contract is not a matter of right but rests in the sound discretion of the court, same to be controlled by established doctrines and settled principles of equity.

3. The plaintiff's name it seems was included in the list of students made as a preliminary statement with recommendation for admission to the bar before the completion of the term in the year 1921. The recommendation was however, withdrawn before the date of the bar examination.

4. The plaintiff failed the examinations in December 1921 and in June 1922; but was successful in December 1922 and having received his certificate of admission to the bar, claimed that he was entitled to his diploma.

5. Defendants claim that no special contract was made with plaintiff, but that he was given a catalogue which contained the following:

"The degree of Bachelor of Law will be confered upon regular students who satisfactorily complete the prescribed courses of study, and who qualify for admission to the Ohio bar."

6. The parties are in direct conflict as to the contractual relations with respect to the conditions under which the plaintiff might be entitled to a diploma.

7. Plaintiff's evidence does not establish with requisite certainty, a contract made by him as he alleges; and the evidence likewise fails to establish such conduct and such results of his studies, if the contract be as claimed by plaintiff.

8. The fact that plaintiff is not entitled to the relief prayed for does not raise the inference that had the alleged contract been satisfactorily established, the court could have found plaintiff entitled to specific performance thereof.

9. Public policy would seem to require that the law school retain control over its own students and discretion as to the issuing of diplomas.

Finding of the court in favor of defendant, and petition dismissed.

(Farr, J., concurs.)

Attorneys—Lex Kintner for Elsner; Edwin E. Miller for Meck; both of Cleveland.